1
 2
 3
 4
 5
 6
 7
 8                    UNITED STATES DISTRICT COURT
 9                   CENTRAL DISTRICT OF CALIFORNIA
10
11   Martin Vogel,                  )  CV 13-01797 RSWL (JEMx)
                                    )
12                                  )  **ORDER re: Plaintiff's**
                  Plaintiff,        )  **Motion to Strike**
13                                  )  **Affirmative Defenses**
        v.                          )  **[28]**
14                                  )
     OM ABS, INC. dba Carrows;      )
15   TSL Development Inc.           )
                                    )
16                                  )
                  Defendants.       )
17                                  )
     _____ )
18
19      Currently before the Court is Plaintiff Martin
20   Vogel's ("Plaintiff") Motion to Strike Affirmative
21   Defenses [28].  The Court, having reviewed all papers
22   submitted pertaining to this Motion, **NOW FINDS AND**
23   **RULES AS FOLLOWS**:
24      The Court hereby **GRANTS in part and DENIES in part**
25   Plaintiff's Motion to Strike Affirmative Defenses.
26                        **I. BACKGROUND**
27      Plaintiff is a T-3 paraplegic who is "physically
28   disabled."  First Amended Complaint ("FAC") ¶ 8.

                                1

1  Defendant OM ABS, Inc., doing business as Carrows, owns
2  operates, and leases a restaurant (the "Restaurant").
3  Id. at ¶ 7.  Plaintiff claims that Defendants OM ABS,
4  Inc. and TSL Development, Inc. ("Defendants") violated
5  the Americans with Disabilities Act ("ADA") and related
6  California state laws because the Restaurant failed to
7  provide adequate access for the disabled.
8  Specifically, Plaintiff claims that: (1) the Restaurant
9  has incorrect tow away signage, (2) one of the disabled
10 parking spaces lacks signage, (3) there are no spaces
11 designated as being van accessible, (4) there is no
12 International Symbol of Accessibility mounted at the
13 Restaurant's entrance that would indicate to Plaintiff
14 that the Restaurant is intended to be accessible to
15 him, (5) the toilet tissue dispenser is mounted too far
16 from the back wall and too far from the front of the
17 water closet, (6) the pipes beneath the lavatories are
18 not wrapped, and (7) the paper towel dispenser is
19 mounted too high, making it difficult for Plaintiff to
20 reach and use.  Id. at 10.  Plaintiff seeks, *inter
21 alia*, injunctive and declaratory relief, statutory
22 damages, and attorneys' fees and costs.
23      Plaintiff brought suit on March 13, 2013, against
24 Defendants OM ABS, LLC and TSL Development Inc. [1].
25      On August 9, 2013, Defendant OM ABS, LLC was
26 terminated from this Action, and Defendant OM ABS, Inc.
27 was added as a defendant [11].  Plaintiff filed a First
28 Amended Complaint on August 9, 2013 against Defendants

OM ABS, Inc. and TSL Development, Inc. [11].

Defendant TSL Development, Inc. ("Defendant TSL") filed its answer and pled twenty-five affirmative defenses[1] to Plaintiff's First Amended Complaint on December 3, 2013 [21].

On December 23, 2013, Plaintiff filed the present Motion to Strike Defendant TSL's Affirmative Defenses [28]. On January 8, 2014, Defendant TSL filed a Notice of Non-Opposition to Plaintiff's Motion to Strike [29]. This matter was taken under submission on January 23, 2014 [30].

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), the Court may, by motion or on its own initiative, strike "an insufficient defense or any redundant, immaterial, impertinent or scandalous" matters from the pleadings. The purpose of Rule 12(f) is "to avoid the expenditure of time and money that must arise from litigating spurious issues by disposing of those issues prior to trial." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993)).

The grounds for a motion to strike must appear on the face of the pleading under attack. See SEC v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995). In

---

[1] Though the defenses are only numbered up to twenty-four, there are two twelfth affirmative defenses, herein referred to as twelfth (A) and twelfth (B).

3

1  addition, the Court must view the pleading under attack
2  in the light more favorable to the pleader when ruling
3  upon a motion to strike.  In re 2TheMart.com, Inc. Sec.
4  Litig, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000)
5  (citing California v. United States, 512 F. Supp. 36,
6  39 (N.D. Cal. 1981)).  As a rule, motions to strike are
7  regarded with disfavor because striking is such a
8  drastic remedy; as a result, such motions are
9  infrequently granted.  Freeman v. ABC Legal Servs.,
10 Inc., 877 F. Supp. 2d 919, 923 (N.D. Cal. 2012).  If a
11 claim is stricken, leave to amend should be freely
12 given when doing so would not cause prejudice to the
13 opposing party.  Vogel v. Huntington Oaks Delaware
14 Partners, LLC, 291 F.R.D. 438, 440 (C.D. Cal. 2013)
15 (citing Wyshak v. City Nat'l Bank, 607 F.2d 824, 826
16 (9th Cir. 1979)).

### III. ANALYSIS

As a preliminary matter, Plaintiff asks the Court to apply the pleading standard announced in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009) to his Motion to Strike Affirmative Defenses, which would require the pleading of facts sufficient to state a facially plausible affirmative defense.  Mot. 2:17-21.  However, Plaintiff has not provided any binding authority holding that the Twombly/Iqbal standard applies to affirmative defenses.  District courts within the Ninth Circuit are split on the issue, and the Ninth Circuit

1  has yet to address it.  See J & J Sports Productions,
2  Inc. v. Scace, No. 10cv2496-WQH-CAB, 2011 WL 2132723,
3  at *1 (S.D. Cal. May 27, 2011).  Without binding
4  authority expanding the scope of Twombly/Iqbal, the
5  Court finds that the traditional standard of fair
6  notice to the plaintiff is still applicable to the
7  pleading of affirmative defenses.  Accordingly, the
8  Court determines the sufficiency of pleading an
9  affirmative defense by analyzing whether it gives
10 Plaintiff fair notice of the defense.  See Wyshak v.
11 City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979).
12      Plaintiff next argues that eleven affirmative
13 defenses are factually insufficient as they fail to
14 give Plaintiff fair notice of the defense.
15      The Court finds that Defendant TSL's first
16 affirmative defense, failure to state a claim, fails as
17 a matter of law because it is not an affirmative
18 defense, but rather a failure of Plaintiff's prima
19 facie case.  Barnes v. AT&T Pension Ben. Plan-
20 Nonbargained Program, 718 F. Supp. 2d 1167, 1174 (N.D.
21 Cal. 2010) (ruling that failure to state a claim is not
22 an affirmative defense).  Therefore, the Court **GRANTS**
23 Plaintiff's Motion to Strike Defendant TSL's first
24 affirmative defense without leave to amend.
25      The Court next finds that Defendant TSL's second,
26 fourth, and sixth affirmative defenses (laches,
27 estoppel, and waiver, respectively) fail to set forth
28 any facts regarding how Plaintiff's conduct allegedly

gave rise to a defense of laches, estoppel, or waiver. See Desert European Motorcars, LTD v. Desert European Motorcars, Inc., No. EDCV 11-197 RSWL, 2011 WL 3809933, at *2-*4 (C.D. Cal. Aug. 25, 2011) (granting a motion to strike affirmative defenses of estoppel, waiver, and laches for failure to state any facts that provide fair notice). As such, the Court **GRANTS** Plaintiff's Motion to Strike Defendant TSL's second, fourth, and sixth affirmative defenses. However, because Defendant TSL may be able to allege additional facts to support these affirmative defenses, the Court **GRANTS** Plaintiff's Motion to Strike these affirmative defense with 20 days leave to amend.

The Court finds that Defendant TSL's third affirmative defense, unclean hands, fails because the defense is improperly pled and fails to provide sufficient facts to give Plaintiff fair notice of the conduct giving rise to this defense. See XILINX, Inc. v. Altera Corp., No. C 93-20409 RMW (EAI), 1993 WL 767688, at *1 (N.D. Cal. Oct. 25, 1993); Federal Trade Comm'n v. N. Am. Mktg. & Assocs., LLC, No. CV-12-0914-PHX-DGC, 2012 WL 5034967, at *3 (D. Ariz. Oct. 18, 2012). As such, the Court **GRANTS** Plaintiff's Motion to Strike Defendant TSL's third affirmative defense with 20 days leave to amend.

The Court finds that Defendant TSL's fifth affirmative defense, failure to mitigate, fails as it gives no notice to Plaintiff of the basis of his

6

1  alleged failure to mitigate and **GRANTS** Plaintiff's
2  Motion to Strike this defense with twenty days leave to
3  amend.  See <u>Kohler v. Staples the Office Superstore,</u>
4  <u>LLC</u>, 291 F.R.D. 464, 469 (S.D. Cal. 2013).
5      The Court finds that Defendant TSL's seventh
6  affirmative defense, that Plaintiff's claim is barred
7  by the applicable statute of limitations, is properly
8  pled and is an appropriate affirmative defense.  <u>See</u>
9  <u>Kohler v. Bed Bath & Beyond of California, LLC</u>, No. CV
10 11-4451 RSWL (SPx), 2012 WL 424377, at *1 (C.D. Cal.
11 Feb. 8, 2012).  Therefore, the Court **DENIES** Plaintiff's
12 Motion to Strike Defendant TSL's seventh affirmative
13 defense.
14     The Court finds that Defendant TSL's eighth
15 affirmative defense, that Plaintiff lacks standing,
16 fails.  "As standing is an element of plaintiff's prima
17 facie case, it is properly addressed through denial or
18 a motion to dismiss."  <u>CSK Auto</u>, 2013 WL 3942002, at *4
19 (quoting <u>Strategic Rests. Acquisition Co. II, LLC</u>, 289
20 F.R.D. 595).  As such, the Court **GRANTS** Plaintiff's
21 Motion to Strike Defendant TSL's eighth affirmative
22 defense without leave to amend.
23     The Court finds that Defendant TSL's tenth,
24 eleventh, and twelfth (A) affirmative defenses, that
25 Plaintiff's requested accommodation is not feasible,
26 not readily achievable, and would result in an undue
27 burden, fail because Defendant TSL fails to identify
28 which specific accommodations are not feasible, not

readily achievable, or would result in an undue burden. As a result, the Court **GRANTS** Plaintiff's Motion to Strike these defenses with twenty days leave to amend.

Plaintiff further argues that several affirmative defenses should be stricken as legally insufficient.

The Court finds that Defendant TSL's ninth, thirteenth and fourteenth affirmative defenses – that Plaintiff's claims are barred because his injuries were caused by the wrongful conduct, negligence, or fault of others, and that Defendant's proportional liability, if any, should be reduced to the extent that Plaintiff's injuries were caused by others, fails as these are not viable defenses. See CSK Auto, 2013 WL 3942002, at *4 (citing Staples the Office Superstore, LLC, 2013 WL 544058, at *4 (striking affirmative defense premised on third party conduct in disability access case under federal and California law)). As such, the Court **GRANTS** Plaintiff's Motion to Strike Defendant TSL's ninth, thirteenth, and fourteenth affirmative defenses without leave to amend.

The Court finds that Defendant TSL's sixteenth affirmative defense, failure to exhaust administrative remedies, fails as the ADA does not require Plaintiff to exhaust administrative remedies before bringing suit. See Botosan v. Fitzhugh, 13 F. Supp. 2d 1047, 1049 (S.D. Cal. 1998). As such, the Court **GRANTS** Plaintiff's Motion to Strike this defense without leave to amend.

8

1  The Court finds that Defendant TSL's twenty-second
2 affirmative defense - that Plaintiff is barred from
3 obtaining relief under Cal. Civ. Code § 51, which
4 excludes requirements to effect construction,
5 alteration, repair, or modification - fails to give
6 Plaintiff fair notice of the grounds of this defense.
7 Specifically, Defendant TSL fails to state whether this
8 is a defense to Plaintiff's ADA claims or to
9 Plaintiff's related state law claims.  As such, the
10 Court **GRANTS** Plaintiff's Motion to Strike this defense
11 with twenty days leave to amend.
12  The Court finds that Defendant TSL's twenty-third
13 affirmative defense, applicable alike to all persons,
14 fails, as the Court could find no support that this is
15 a recognized affirmative defense.  As Defendant TSL
16 fails to argue in support of this affirmative defense,
17 the Court **GRANTS** Plaintiff's Motion to Strike this
18 defense with twenty days leave to amend.
19  The Court finds that Defendant TSL's twenty-fourth
20 affirmative defense, reservation of defenses, fails.  A
21 formal "reservation" of the right to bring further
22 defenses, strictly speaking, serves no purpose because
23 the defendant retains the right to add defenses through
24 a properly filed motion to amend. Romero, 2012 WL
25 2317566, at *4.  Thus, Defendant's right to amend
26 pleadings to include additional legitimate defenses is
27 already preserved by Rule 15 of the Federal Rules of
28 Civil Procedure.  Id. (citing Wyshak, 607 F.2d at

826-27). As such, Defendant TSL's reservation clause is not a proper affirmative defense, is redundant, and the Court **GRANTS** Plaintiff's Motion to Strike this defense without leave to amend.

Plaintiff also argues that Defendant TSL's twelfth (B) and seventeenth affirmative defenses should be stricken as impertinent.

The Court finds that Defendant TSL's twelfth (B) affirmative defense, that Plaintiff's claims are barred by the doctrine of after-acquired evidence, fails as this is a defense in cases of employment discrimination. See Camp v. Jeffer, Mangels, Butler & Marmaro, 35 Cal. App. 4th 620, 632 (1995) ("In general, the after-acquired-evidence doctrine shields an employer from liability or limits available relief where, after a termination, the employer learns for the first time about employee wrongdoing that would have led to the discharge in any event."). Because Plaintiff does not raise employment discrimination in his Complaint, the Court **GRANTS** Plaintiff's Motion to Strike this affirmative defense without leave to amend.

The Court finds that Defendant TSL's seventeenth affirmative defense, no punitive damages, fails as Plaintiff has not pled punitive damages. Therefore, the Court **GRANTS** Plaintiff's Motion to Strike Defendant TSL's seventeenth affirmative defense without leave to amend.

1    Plaintiff also argues that the Court should strike
2 Defendant TSL's fifteenth, nineteenth, and twentieth
3 affirmative defenses as redundant.  Where a defendant
4 restates negative defenses that existed in earlier
5 parts of the pleading, those defenses are redundant
6 pursuant to Rule 12(f) and should be stricken.  <u>Barnes</u>
7 <u>v. AT&T Pension Ben Plan-Nonbargained Program</u>, 718 F.
8 Supp. 2d 1167, 1174 (N.D. Cal. 2010).  The Court finds
9 that Defendant TSL's fifteenth, nineteenth, and
10 twentieth affirmative defenses, in which Defendant TSL
11 alleges that it did not impede or impair access and
12 that it did not violate any laws, is **STRICKEN** as
13 redundant because Defendant TSL already denied the
14 existence of access barriers and denied that it
15 violated the law as part of its answer.  As such, the
16 Court **GRANTS** Plaintiff's Motion to Strike these
17 affirmative defenses without leave to amend.

## IV. CONCLUSION

19    Based on the above analysis, the Court **GRANTS in**
20 **part** and **DENIES in part** Plaintiff's Motion to Strike as
21 follows:
22 •    First Affirmative Defense - **GRANT without leave to**
23      **amend**
24 •    Second, Fourth, and Sixth Affirmative Defenses -
25      **GRANT with twenty days leave to amend**
26 •    Third Affirmative Defense - **GRANT with twenty days**
27      **leave to amend**

11

1  • Fifth Affirmative Defense - **GRANT with twenty days**
2  **leave to amend**
3  • Seventh Affirmative Defense - **DENY**
4  • Eighth Affirmative Defense - **GRANT without leave to**
5  **amend**
6  • Ninth, Thirteenth, and Fourteenth Affirmative
7  Defenses - **GRANT without leave to amend**
8  • Tenth, Eleventh, Twelfth (A) Affirmative Defenses -
9  **GRANT with twenty days leave to amend**
10 • Twelfth (B) Affirmative Defense - **GRANT without**
11 **leave to amend**
12 • Fifteenth, Nineteenth, and Twentieth Affirmative
13 Defenses - **GRANT without leave to amend**
14 • Sixteenth Affirmative Defense - **GRANT without leave**
15 **to amend**
16 • Seventeenth Affirmative Defense - **GRANT without**
17 **leave to amend**
18 • Twenty-Second Affirmative Defense - **GRANT with**
19 **twenty days leave to amend**
20 • Twenty-Third Affirmative Defense - **GRANT with**
21 **twenty days leave to amend**
22 • Twenty-Fourth Affirmative Defense - **GRANT without**
23 **leave to amend**
24 **IT IS SO ORDERED.**
25 DATED: 1/30/14

*RONALD S.W. LEW*
_____
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge