1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **CENTRAL DISTRICT OF CALIFORNIA**
10

| | | |
|---|---|---|
| 11 | Martin Vogel,              ) | CV 13-01797 RSWL (JEMx) |
| 12 |                            ) | **ORDER re: DEFENDANTS'** |
|    |           Plaintiff,       ) | **MOTION FOR SUMMARY** |
| 13 |                            ) | **ADJUDICATION** [39] |
|    |      v.                    ) | |
| 14 |                            ) | |
|    | OM ABS, INC. dba Carrows;  ) | |
| 15 | TSL Development Inc.       ) | |
|    |                            ) | |
| 16 |                            ) | |
|    |           Defendants.      ) | |
| 17 |                            ) | |
| 18 | _____) | |

19     Currently before the Court is Defendant OM ABS,
20 Inc. and TSL Development Inc.'s ("Defendants") Motion
21 for Summary Adjudication [39].  The Court, having
22 reviewed all papers submitted pertaining to this
23 Motion, **NOW FINDS AND RULES AS FOLLOWS**:
24     The Court hereby **GRANTS** Defendants' Motion.
25                       **I. BACKGROUND**
26 **A.   Factual Background**
27     Plaintiff Martin Vogel ("Plaintiff") is a T-3
28 paraplegic who is "physically disabled."  First Amended

                                1

Complaint ("FAC") ¶ 8. Defendant OM ABS, Inc., doing business as Carrows, owns, operates, and leases a restaurant (the "Restaurant"). Id. at ¶ 7. Plaintiff claims that Defendants violated the ADA and related California state laws because the Restaurant failed to provide adequate access for the disabled. Specifically, Plaintiff claims that: (1) the Restaurant has incorrect tow away signage, (2) one of the disabled parking spaces lacks signage, (3) there are no spaces designated as being van accessible, (4) there is no International Symbol of Accessibility mounted at the Restaurant's entrance that would indicate to Plaintiff that the Restaurant is intended to be accessible to him, (5) the toilet tissue dispenser is mounted too far from the back wall and too far from the front of the water closet, (6) the pipes beneath the lavatories are not wrapped, and (7) the paper towel dispenser is mounted too high, making it difficult for Plaintiff to reach and use. Id. at ¶ 10.

**B. Procedural Background**

Plaintiff brought suit on March 13, 2013, against Defendants OM ABS, LLC and TSL Development Inc. [1].

On August 9, 2013, Defendant OM ABS, LLC was terminated from this Action, and Defendant OM ABS, Inc. was added as a defendant [11]. Plaintiff filed a FAC on August 9, 2013 against Defendants OM ABS, Inc. and TSL Development, Inc. [11].

Defendant TSL Development, Inc. filed its answer

and pled twenty-five affirmative defenses to Plaintiff's FAC on December 3, 2013 [21].  On December 23, 2013, Plaintiff filed a Motion to Strike Defendant TSL's Affirmative Defenses [28], which the Court granted in part and denied in part.

Defendants filed the instant Motion on July 1, 2014 [39].  Plaintiff filed his Opposition on July 15, 2014 [42].  Defendants filed their Opposition on July 22, 2014 [44].

## II. LEGAL STANDARD

**A. <u>Summary Judgment</u>**

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A fact is "material" for purposes of summary judgment if it might affect the outcome of the suit, and a "genuine issue" exists if the evidence is such that a reasonable fact-finder could return a verdict for the non-moving party.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  The evidence, and any inferences based on underlying facts, must be viewed in the light most favorable to the opposing party. <u>Twentieth Century-Fox Film Corp. v. MCA, Inc.</u>, 715 F.2d 1327, 1329 (9th Cir. 1983).

Where the moving party does not have the burden of proof at trial on a dispositive issue, the moving party may meet its burden for summary judgment by showing an "absence of evidence" to support the non-moving party's

case. Celotex v. Catrett, 477 U.S. 317, 325 (1986).

The non-moving party, on the other hand, is required by Fed. R. Civ. P. 56(c) to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. Id. at 324. Conclusory allegations unsupported by factual allegations are insufficient to create a triable issue of fact so as to preclude summary judgment. Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993). A non-moving party who has the burden of proof at trial must present enough evidence that a "fair-minded jury could return a verdict for the [non-moving party] on the evidence presented." Anderson, 477 U.S. at 255.

The moving party has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial. In fact, the moving party need not produce any evidence at all on those matters. Celotex, 477 U.S. at 325.

In ruling on a motion for summary judgment, the Court's function is not to weigh the evidence, but only to determine if a genuine issue of material fact exists. Anderson, 477 U.S. at 255.

**B.  Partial Summary Judgment**

Federal Rule of Civil Procedure 56(g) authorizes courts to grant partial summary judgment in order to limit the issues to be tried in a case. State Farm Fire & Cas. Co. v. Geary, 699 F. Supp. 756, 759 (N.D. Cal. 1987) (citing Lies v. Farrell Lines, Inc., 641

4

F.2d 765, 769 n.3 (9th Cir. 1981)). Absent a specific statute authorizing otherwise, a partial summary judgment under Rule 56(g) is not a final judgment but rather an interlocutory summary adjudication or a pre-trial order, neither of which is appealable prior to the entry of a final judgment in the case. Wynn v. Reconstruction Fin. Corp., 212 F.2d 953, 956 (9th Cir. 1954).

### III. ANALYSIS

**A.  Failure to Satisfy Local Rule 7-3 Meet and Confer Requirements**

C.D. Cal. R. 7-3 requires that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." Although Plaintiff argues that Defendants failed to satisfy C.D. Cal. R. 7-3, Plaintiff does not appear to have suffered any prejudice from Defendants' purported failure to meet and confer sufficiently in advance, as Plaintiff was able to prepare and submit an Opposition. See Wilson-Condon v. Allstate Indem. Co., No. CV 11–05538 GAF (PJWx), 2011 WL 3439272, at *1 (C.D. Cal. Aug. 4, 2011). Further, although Plaintiff asserts that Defendants' violation of C.D. Cal. R. 7-3 prevented three depositions (scheduled to take place on July 17, 2014 and July 18, 2014) from being considered with his Opposition, Plaintiff fails to state how or why these

depositions were necessary to oppose the instant Motion. As a result, Defendants' Motion for Summary Adjudication is not stricken for failure to comply with C.D. Cal. R. 7-3.

**B.    Plaintiff's Scheduled Depositions**

Plaintiff argues that because his Opposition was due on July 15, 2014, three depositions could not be considered with his Opposition. Fed. R. Civ. P. 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Here, as discussed above, Plaintiff fails to explain why these depositions were needed to oppose the instant Motion. Further, Plaintiff did not request a continuance of the Motion to conduct discovery under Fed. R. Civ. P. 56(d). The Court therefore declines to consider Plaintiff's argument on this point.

**C.    Plaintiff's Informal Request to Amend the Complaint**

Plaintiff argues that, since the filing of the FAC, new barriers at the Restaurant have been uncovered and informally requests to amend his Complaint to include these new allegations. These new barriers include: (1)

6

1 the Restaurant's disabled access aisles have slopes as
2 steep as 4.3% and (2) a trash can has been moved to the
3 clear floor space under the paper towel dispenser, in
4 violation of the ADA. Opp'n 4:11-14 (citing
5 Bettencourt Decl. ¶¶ 3-4, Ex. J). Plaintiff also
6 appears to informally request that the Court consider
7 the new barriers cited in his Opposition as a basis for
8 denying the instant Motion.
9     However, Plaintiff has not sought leave to file an
10 amended Complaint. Fed. R. Civ. P. 8 requires a
11 plaintiff to identify the barriers that constitute the
12 grounds for his ADA claim in the complaint itself.
13 <u>Oliver v. Ralphs Grocery Co.</u>, 654 F.3d 903, 909 (9th
14 Cir. 2011) ("[A] plaintiff must identify the barriers
15 that constitute the grounds for a claim of
16 discrimination under the ADA in the complaint itself; a
17 defendant is not deemed to have fair notice of barriers
18 identified elsewhere."). As Plaintiff has failed to
19 amend his Complaint, has failed to seek leave to amend
20 his Complaint, and has failed to explain why he has
21 chosen not to do either, the Court declines to consider
22 the new barriers that Plaintiff presents in his
23 Opposition.
24 **D.**   **<u>Parties' Objections</u>**
25     The Parties have each filed objections to certain
26 declarations and exhibits. <u>See</u> Dkt. ## 45-51.
27 However, because the Court need not rely upon the
28 evidence that the Parties object to, the Court declines

to rule on the Parties' objections and deems them **moot**.

E.     Defendants' Motion for Summary Adjudication

Defendants filed the instant Motion for Summary Adjudication on Plaintiff's first claim for violation of the ADA.  Plaintiff sets forth eight specific barriers that interfered with his ability to use and enjoy the goods and services offered at the Restaurant.  See FAC ¶ 10.  Defendants present evidence that all eight of the barriers have been remediated.  Sawhney Decl. Exs. 1-6.  As such, Defendants argue that summary adjudication on Plaintiff's first claim for violation of the ADA should be granted in their favor.

The Court notes that Plaintiff concedes in his Opposition that seven of the eight ADA access barriers alleged in the FAC have been remediated.  See Opp'n 2:10-11 n.2 ("Of the eight ADA access barriers alleged in the First Amended Complaint, [Plaintiff] admits that seven have been rendered moot due to remediation."). The seven barriers Plaintiff concedes have been rendered moot are: (1) the tow away signage post is incorrect, (2) one of the disabled parking spaces lacks any signage posted, (3) there are no spaces designated as being van accessible, (4) there is no International Symbol of Accessibility mounted at the entrance, (5) the toilet tissue dispenser is mounted too far from the back wall, (6) the toilet tissue dispenser is mounted too far from the front of the water closet and (7) the paper towel dispenser is mounted too high.  FAC ¶ 10.

8

Plaintiff further admits that the only remaining ADA barrier appearing in the FAC is that the pipes beneath the lavatories are incompletely wrapped.  Opp'n 2:10-11 n.2.

"Because a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA, a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim."  Kohler v. Bed Bath & Beyond of Cal., LLC, No. 11-01246, 2012 WL 2449928, at *12 (C.D. Cal. June 27, 2012) (quoting Oliver v. Ralphs Grocery Co., 654 F.3d 903, 905 (9th Cir. 2011)).  Here, Defendants present evidence that the seven asserted barriers no longer exist, and Plaintiff concedes that the seven asserted barrier claims have been rendered moot due to remediation.  Thus, the Court finds that these claims are **moot** and **GRANTS** Defendants' Motion for Summary Adjudication on these claims.  See id. (finding summary judgment appropriate for a plaintiff's alleged barriers that defendant has since removed).

Thus, the Court turns to the remaining barrier cited by Plaintiff - that "the pipes beneath the lavatories are not wrapped, thus causing [Plaintiff] to risk burning his legs when washing his hands."  FAC ¶ 10.

Title III of the ADA provides that: "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the

9

1 goods, services, facilities, privileges, advantages, or
2 accommodations of any place of public accommodation by
3 any person who owns, leases (or leases to), or operates
4 a place of public accommodation." Or. Paralyzed
5 Veterans of Am v. Regal Cinemas, Inc., 339 F.3d 1126,
6 1129 (9th Cir. 2003).  Congress directed the Department
7 of Justice ("DOJ") to issue regulations that provide
8 substantive standards applicable to facilities covered
9 under Title III.  Id.  The DOJ, in turn, adopted as
10 regulations a set of guidelines, known as the Americans
11 with Disability Act Accessibility Guidelines ("ADAAG"),
12 which is essentially an encyclopedia of design
13 standards.  Id.; Oliver, 654 F.3d at 905.
14     Both the 1991 and 2010 ADA Standards require that
15 pipes under lavatories and sinks be "insulated or
16 otherwise configured to protect against contact."
17 Kohler v. In-N-Out Burgers, No. CV 12-5054-GHK (JEMx),
18 2013 WL 5315443, at *7 (C.D. Cal. Sept. 12, 2013)
19 (citing 1991 ADAAG § 4.18.4; 2010 ADAAG § 606.5).
20 Here, Defendants provide evidence that the lavatory
21 pipes at the Restaurant do not need to be completely
22 wrapped, because they are configured to prevent contact
23 and are not accessible under the sink.  In particular,
24 Defendants present evidence that the drain line is
25 wrapped at the portion closest to the user and is only
26 partially unwrapped at the point closest to back wall,
27 far from the edge of the sink counter.  Sawhney Decl. ¶
28 8, Ex. 6.  Defendants further refer to the photographs

1 presented by Plaintiff (Melton Decl. ¶ 6, Ex. F),
2 demonstrating that the hot water supply lines are
3 entirely behind the drain lines and are therefore
4 inaccessible.
5     Plaintiff argues, on the other hand, that the
6 partially exposed lavatory pipes do not protect him
7 from contact because they create a risk of burns for
8 Plaintiff, since he is unable to experience feeling in
9 his legs. Mehton Decl. ¶¶ 4-5, Ex. F; Vogel Decl. ¶
10 6(c). Crucially, however, Plaintiff provides no
11 evidence demonstrating that the hot water lines are
12 accessible to him. Plaintiff only presents a
13 declaration asserting that "the pipes beneath the
14 lavatory are incompletely wrapped . . . [t]he exposed
15 piping is visible as I approach the sink." Vogel Decl.
16 ¶ 6(c). However, merely claiming that the exposed
17 piping is *visible* does not support that the hot water
18 lines are *accessible* to him. As noted above, if
19 Defendants provide evidence that hot water lines under
20 the sink are insulated or *otherwise configured to*
21 *protect against contact*, Defendants have demonstrated
22 that they have complied with the ADA Standards.
23 Defendants have presented such evidence here, and
24 Plaintiff fails to present any evidence indicating
25 otherwise. Because Plaintiff has presented no evidence
26 that the pipes are susceptible to contact with patrons,
27 there is no genuine triable issue of fact on this
28 issue. See Kohler v. In-N-Out Burgers, 2013 WL

5315443, at *7.  Thus, because Defendants have presented evidence that the lavatory pipes are inaccessible to Plaintiff, and only accessible hot water lines need to be insulated (<u>Wilson v. Norbreck, LLC</u>, No. CIVS040690DFLJFM, 2005 WL 3439714, at *5 (E.D. Cal. Dec. 14, 2005)), the Court **GRANTS** Defendants' Motion for Summary Adjudication on this claim.

### F. <u>Plaintiff's Remaining State Law Claims</u>

The Court has original jurisdiction over Plaintiff's federal ADA claim; however, it appears that the only basis for jurisdiction over the state law claims is supplemental.  FAC ¶¶ 3-5.  Indeed, neither party has asserted any facts to support diversity jurisdiction, and it appears that both Parties are citizens of California.

Because the Court grants Defendants' Motion on Plaintiff's ADA claims and the only claims remaining are state law claims under the Unruh Act, CDPA, and Cal. Health & Safety Code § 19959, the Court declines to exercise supplemental jurisdiction and **DISMISSES** Plaintiff's state law claims.

The Court has authority to decline to exercise supplemental jurisdiction over these state claims because it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c).  The Supreme Court has held that supplemental jurisdiction is discretionary and that "needless decisions of state law should be avoided both as a matter of comity and to

12

1 promote justice between the parties." United Mine
2 Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).
3 Further, "in the usual case in which all federal-law
4 claims are eliminated before trial, the balance of
5 factors . . . will point toward declining to exercise
6 jurisdiction over the remaining state-law claims."
7 Kohler v. Bed Bath & Beyond of Cal., LLC, 2012 WL
8 2449928, at *13 (quoting Acri v. Varian Assocs., Inc.,
9 114 F.3d 999, 1001 (9th Cir. 1997)).  Here, to
10 adjudicate the remaining state claims would require
11 knowledge of the California Building Code, the
12 California Health & Safety Code, and other state laws
13 and regulations.  A state court would be a better venue
14 for these issues.  Therefore, the Court declines to
15 exercise supplemental jurisdiction and **DISMISSES**
16 Plaintiff's state law claims without prejudice.

### IV. CONCLUSION

18   For the foregoing reasons, the Court **GRANTS**
19 Defendants' Motion for Summary Adjudication as to all
20 of Plaintiff's ADA claims and **DISMISSES** Plaintiff's
21 state law claims without prejudice.  The Clerk to close
22 this Action.
23   **IT IS SO ORDERED.**

25 DATED: August 12, 2014    RONALD S.W. LEW
                            **HONORABLE RONALD S.W. LEW**
26                          Senior U.S. District Judge

13