1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| Martin Vogel, | ) CV 13-01797 RSWL (JEMx) |
|---|---|
| Plaintiff, | ) **STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW RE: re: DEFENDANTS' MOTION FOR SUMMARY ADJUDICATION [39]** |
| v. | |
| OM ABS, INC. dba Carrows; TSL Development Inc. | |
| Defendants. | |

After consideration of all the papers submitted pursuant to Defendant OM ABS, Inc. and TSL Development Inc.'s ("Defendants") Motion for Summary Adjudication, the Court makes the following findings of fact and conclusions of law:

### UNCONTROVERTED FACTS

1. Plaintiff Martin Vogel ("Plaintiff") is a T-3 paraplegic who is "physically disabled." First Amended Complaint ("FAC") ¶ 8.

2. Defendant OM ABS, Inc., doing business as

1

1  Carrows, owns, operates, and leases a restaurant (the
2  "Restaurant"). <u>Id.</u> at ¶ 7.
3      3. Entrance signs to the parking lot at the
4  Restaurant contain tow away information. Decl. of
5  Tavinder Sawhney ("Sawhney Decl.") ¶ 3, Ex. 1.
6      4. Handicap parking spaces, including a van
7  accessible space, are indicated by signage. <u>Id.</u> at ¶
8  4, Ex. 2.
9      5. The entrance to the Restaurant bears an
10 International Symbol of Accessibility. <u>Id.</u> at ¶ 5, Ex.
11 3.
12     6. The toilet tissue dispenser is 36 inches from
13 the back wall and 11 inches from the front of the
14 toilet, as measured from that wall and toilet
15 respectively to the furthermost edge of the dispenser.
16 <u>Id.</u> at ¶ 6, Ex. 4.
17     7. The paper towel dispenser is 40 inches from the
18 floor. <u>Id.</u> at ¶ 7, Ex. 5.

**CONCLUSIONS OF LAW**

1. The only remedy available under the ADA for a private plaintiff is injunctive relief, therefore, "a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." <u>Oliver v. Ralphs Grocery Co.</u>, 654 F.3d 903, 905 (9th Cir. 2011).

2. Defendants present evidence that seven asserted barriers no longer exist, and Plaintiff concedes that the seven asserted barrier claims have been rendered

2

moot due to remediation. Thus, these seven claims[1] are **moot**. See Kohler v. Bed Bath & Beyond of Cal., LLC, No. 11-01246, 2012 WL 2449928, at *12 (C.D. Cal. June 27, 2012).

3. Title III of the ADA provides that: "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." Or. Paralyzed Veterans of Am v. Regal Cinemas, Inc., 339 F.3d 1126, 1129 (9th Cir. 2003).

4. Congress directed the Department of Justice ("DOJ") to issue regulations that provide substantive standards applicable to facilities covered under Title III. Id. The DOJ, in turn, adopted as regulations a set of guidelines, known as the Americans with Disability Act Accessibility Guidelines ("ADAAG"), which is essentially an encyclopedia of design standards. Id.; Oliver, 654 F.3d at 905.

5. Both the 1991 and 2010 ADA Standards require

---

[1] The seven barrier claims that have been rendered moot are: (1) the tow away signage post is incorrect, (2) one of the disabled parking spaces lacks any signage posted, (3) there are no spaces designated as being van accessible, (4) there is no International Symbol of Accessibility mounted at the entrance, (5) the toilet tissue dispenser is mounted too far from the back wall, (6) the toilet tissue dispenser is mounted too far from the front of the water closet and (7) the paper towel dispenser is mounted too high. FAC ¶ 10.

1  that pipes under lavatories and sinks be "insulated or
2  otherwise configured to protect against contact."
3  Kohler v. In-N-Out Burgers, No. CV 12-5054-GHK (JEMx),
4  2013 WL 5315443, at *7 (C.D. Cal. Sept. 12, 2013)
5  (citing 1991 ADAAG § 4.18.4; 2010 ADAAG § 606.5).

6.  Defendants have presented evidence that the hot water lines and pipes under the sink are otherwise configured to protect against contact, and Plaintiff fails to present any evidence indicating otherwise.

7.  Because Plaintiff has presented no evidence that the pipes are susceptible to contact with patrons, there is no genuine triable issue of fact on this issue.  See id.

**IT IS SO ORDERED.**

DATED: August 12, 2014

RONALD S.W. LEW
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge